**AMERICAN SAFETY CASUALTY IN-SURANCE COMPANY, a foreign corporation, Plaintiff—Appellant,**

v.

**CITY OF BONNEY LAKE, a municipality, Defendant— Appellee.**

No. 02–36021.

D.C. No. CV–01–05708–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Dec. 9, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

DeWitte Thompson, Esq., Thompson & Slagle, P.C., Norcross, GA, Michael P. Grace, Groff Murphy Trachenberg & Everard, PLLC, Seattle, WA, for Plaintiff–Appellant.

Jeffrey Ganson, Dionne & Rorick, Seattle, WA, for Defendant–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

■■■ The parties are familiar with the facts and we do not recite them here. Because American Safety did not discharge any of Katspan's obligations to the City of Bonney Lake, such as by completing the construction project for Katspan, American Safety is not subrogated to any of Katspan's rights. In *Johnson Service Co. v. Roush,* 57 Wash.2d 80, 355 P.2d 815, 822–823 (1960), the Washington Supreme Court stated that when a contractor fails to pay certain laborers, a surety who satisfies the laborers' claims is subrogated only to the laborers' rights. The court found that a surety's rights "can rise no higher than [the laborers']." *Id.* at 823. Furthermore, in *North Pacific Bank v. Pierce County,* the Washington Supreme Court clearly stated, "[a] surety on the bond of a contractor engaged in public work has no stronger claim upon the funds *due the contractor* for work done *than have labor or material claimants.*" 24 Wash.2d 843, 167 P.2d 454, 459 (1946) (emphasis added). Because Washington law grants labor and material claimants rights only to the statutory retainage, American Safety can only recover that amount. This is the risk American Safety takes and this is why American Safety does not have a cause of action against the City on this theory.

American Safety's complaint did not allege a right to an assignment to the remaining progress payments owed by the City. Moreover, none of American Safety's notices to the City informed it that American Safety was entitled to payment because of the indemnity agreement or any other theory. Lastly, the contract between Katspan and the City had a non-assignment clause.

Accordingly, the district court did not err in granting the City of Bonney Lake's Rule 12(b)(6) motion.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.